**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Deborah Eagan,                                        Civil No. 09-1398 JMR/SRN

        Plaintiff,

v.                                                             **REPORT & RECOMMENDATION**

City of Saint Paul, Joel Erskin,
and David Palmer,

        Defendants.
_____

SUSAN RICHARD NELSON, United States Magistrate Judge

*Pro se* Plaintiff Deborah Eagan commenced this action on June 15, 2009, by filing a self-styled complaint and an application to proceed in forma pauperis, ("IFP") [Doc. Nos. 1 and 2]. The Court previously examined those submissions and found Plaintiff's complaint to be defective, because it failed to allege sufficient facts to state an actionable claim for relief [Doc. No. 4]. The Court also found Plaintiff's IFP application to be incomplete. Because of those deficiencies, the Court entered an order, also dated June 15, 2009, which informed Plaintiff that her IFP application would be "denied without prejudice." The order gave Plaintiff an opportunity to file an amended complaint, and to either (a) file an amended IFP application, or (b) pay the $350 filing fee for this action. Plaintiff was advised that if she did not submit both an amended complaint, and an amended IFP application, (or the $350 filing fee), within thirty (30) days, the Court would recommend that this action be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b). At the same time that the Court denied Plaintiff's IFP application, it referred her to the Federal Bar Association's Pro Se Project.

On October 1, 2009 this Court received a letter from attorney Vincent Louwagie. Ms. Eagan was referred to Mr. Louwagie through the Pro Se Project. Mr. Louwagie's firm, Anthony, Ostlund, Baer & Louwagie, P.A., agreed to represent Ms. Eagan. The coordinator of the Pro Se Project, Daniel Gustafson, sent a letter to Ms. Eagan confirming this fact and asking her to contact Mr. Louwagie. Ms. Eagan did not contact Mr. Louwagie at that time. Mr. Louwagie sent a follow-up letter to Ms. Eagan but, to date, she has never responded to him.

The deadline for complying with the Court's June 15, 2009 Order has now passed and Plaintiff has not satisfied the requirements of that Order. Plaintiff has not filed an amended IFP application or paid the filing fee, nor has she filed an amended complaint. Furthermore, Plaintiff has offered no explanation or excuse for her failure to comply with the prior order.

The Court's prior Order clearly required Plaintiff to file not only an amended IFP application, but also an amended complaint. Because Plaintiff has not filed an amended complaint, she has not complied with the Order. Therefore, it is now recommended, in accordance with the Court's prior Order, that Plaintiff be deemed to have abandoned this action, and that this action be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b). Henderson v. Renaissance Grand Hotel, 267 Fed. Appx. 496, 497 (8th Cir. 2008) (table decision) ("[a] district court has discretion to dismiss an action under Rule 41(b) for a plaintiff's failure to prosecute, or to comply with the Federal Rules of Civil Procedure or any court order"); see also Link v. Wabash Railroad Co., 370 U.S. 626, 630-31 (1962) (recognizing that a federal court has the

inherent authority to "manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases").

Based upon the above, and upon all the records and proceedings herein, IT IS HEREBY RECOMMENDED that:

This action be **DISMISSED WITHOUT PREJUDICE**.

Dated: October 20, 2009                    s/ Susan Richard Nelson_____
                                           SUSAN RICHARD NELSON
                                           United States Magistrate Judge


Under D. Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **November 4, 2009** a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable to the Circuit Court of Appeals.